**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JUAN REYES DOMINGUEZ,<br>Petitioner,<br>v.<br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,<br>Respondent. | ) | No. 2:26-cv-03167-SHL-tmp |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On September 9, 2026, Petitioner Juan Reyes Dominguez filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2.) He challenges his continued detention without a bond hearing. (Id. at PageID 1.) Mr. Reyes Dominguez states that he first entered the United States approximately in 1998, and he is a resident of Memphis, Tennessee. (Id. at PageID 3.) On August 30, 2026, he was arrested at a nightclub in Memphis, called El Corralón. (Id.) He states that the arresting officers provided him with no reason for the arrest, nor did they show him an arrest warrant. (Id.) He has not been charged with a criminal offense, and he has no criminal convictions or prior pending charges. (Id.) Despite this, he is being held at the West Tennessee Detention Facility. (Id.) He seeks immediate release from custody. (Id. at PageID 5–6.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition, and if Petitioner has been transferred since filing his Petition, Respondent is **ORDERED** to transfer him back to the Western District of Tennessee.

**IT IS SO ORDERED,** this 8th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE